# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**CHARLES BROWN,**

     **Petitioner,**

     **v.**                         **Case No. 24-CV-236-SCD**

**MICHAEL MEISNER,**
   *Warden, Fox Lake Correctional Institution,*

     **Respondent.**

## ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND PENDING DECISION

Charles Brown, a state prisoner seeking federal habeas relief under 28 U.S.C. § 2254, has filed a motion for release on bond pending this court's decision on his petition. *See* ECF No. 15. "There is substantial authority that federal district judges in habeas corpus proceedings under 28 U.S.C. § 2254 have 'inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised sparingly.'" *Bergmann v. McCaughtry*, 857 F. Supp. 640, 640 (E.D. Wis. 1994) (quoting *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)). "[T]o obtain release on bail pending a decision of his petition for a writ of habeas corpus, [the petitioner] must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Id.* at 641 (quoting *Pethel v. Att'y Gen. of Ind.*, 704 F. Supp. 166, 169 (N.D. Ind. 1989)). The petitioner must also "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Id.* (citing *Pethel*, 704 F. Supp. at 169).

Brown asserts five factors that he says justify release from custody in this case. First, Brown seeks to be released so he can attempt to obtain custody of his young daughter, who is currently in foster care and whom Brown has never met. Second, Brown says that he has already served over ten years on his sentence and that the trial judge rendered a sentence three times longer than what the parties agreed to. Third, Brown believes he has a high chance of success on his ineffective assistance of counsel claims and his due process claim. Fourth, Brown alleges that he has had a stellar disciplinary record while in custody and that he is older and wiser and ready to be a productive member of society. Finally, Brown indicates that he can reside with family members while his habeas case is pending.

The court sincerely empathizes with the difficult situation involving Brown's daughter; nevertheless, Brown has failed to show special circumstances justifying release from custody pending review of his habeas petition. Brown pleaded guilty in state court, and his conviction was affirmed on appeal, *see* ECF No. 1; thus, it's unlikely he was unjustly convicted. *See Cherek*, 767 F.2d at 337 ("A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly."). This is why the threshold for federal relief is so high. *See* 28 U.S.C. § 2254(d) (permitting relief only if the state court decision is contrary to clearly established Supreme Court precedent, the state court unreasonably applied Supreme Court precedent, or the state unreasonably applied the facts). On top of that, the respondent has moved to dismiss the petition, arguing that Brown procedurally defaulted all his claims. *See* ECF No. 15. If that's the case, then before reaching the merits of his claims, Brown would have to demonstrate a sufficient excuse for his default—

another high hurdle to surmount. Put simply, Brown's claims do not appear, at least at this point, to be as strong as he believes.

Accordingly, the court **DENIES** the petitioner's motion for release on bond pending decision, ECF No. 15. Brown may renew his motion if the petition survives the respondent's motion to dismiss.

**SO ORDERED** this 5th day of September, 2024.

STEPHEN C. DRIES
United States Magistrate Judge