# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES BROWN,

    **Petitioner,**

    v.                                                                              Case No. 24-CV-236-SCD

MICHAEL MEISNER,
   *Warden, Fox Lake Correctional Institution,*

    **Respondent.**

## DECISION AND ORDER

    Charles Brown challenges his 2014 Wisconsin conviction for possessing with intent to distribute heroin. After pleading guilty and being sentenced, Brown sought post-conviction relief, arguing that his trial lawyer should have moved to suppress the drugs. The state circuit court denied the motion following an evidentiary hearing, Brown hired a new lawyer, and Brown filed a second post-conviction motion alleging ineffective assistance of trial counsel. The circuit court denied that motion without a hearing, and the state appellate courts affirmed. Proceeding without the assistance of counsel, Brown later filed a collateral attack asserting various constitutional claims, including ineffective assistance of both trial and post-conviction counsel. The circuit court denied that motion on procedural grounds, and Brown's appeal was unsuccessful.

    Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state conviction. He asserts sixteen potential grounds for relief. The respondent has moved to dismiss the petition, arguing that all sixteen claims are procedurally barred. Because Brown procedurally defaulted his claims and has failed to

show an excuse for that default, I will grant the respondent's motion, deny Brown's petition, and dismiss this action.

## BACKGROUND

In March 2014, Charles Brown was the passenger in a vehicle stopped in Racine County for an alleged traffic violation. *See* Respt's Br. Ex. 7, at 6, ECF No. 13-7. The deputy who made the stop claimed that the vehicle didn't have a front license plate and had a wire obscuring the rear license plate, both violations of state law. After observing a strong air freshener odor coming from the vehicle and learning that both the driver and the passenger (Brown) had prior drug convictions, the deputy called for a K9 unit. The deputy ordered Brown and the driver to exit the vehicle for an open-air sniff, and the canine alerted to the presence of drugs. Ex. 7, at 6–7. During a pat-down search, the deputy felt a hard object in Brown's groin area. Ex. 7, at 7. The deputy felt inside Brown's underwear and pulled out a wrapped ball that contained over 200 grams of heroin. Ex. 7, at 7–8.

The State of Wisconsin charged Brown with possessing with intent to deliver more than 50 grams of heroin. *See* Respt's Br. Ex. 6, at 9, ECF No. 13-6. Brown waived his preliminary hearing and, at the advice of counsel, pleaded guilty to the charged offense. In exchange for his plea, the State agreed to recommend seven to ten years of confinement. At sentencing, the trial court indicated that seven years wasn't enough time in prison, believing that was less than what Brown had served on his last conviction. *See* Petr's Resp. 15, ECF No. 16. The court sentenced Brown to twenty years in prison and ten years of extended supervision. *See* Respt's Br. Ex. 1, ECF No. 13-1.

Brown sought post-conviction relief, arguing that his trial lawyer was ineffective for not moving to suppress the drugs seized during the traffic stop. *See* Respt's Br. Ex. 10,

ECF No. 13-10. Brown asserted that the deputy impermissibly prolonged the stop to conduct the canine sniff, lacked reasonable suspicion for the pat-down, and exceeded the scope of a proper frisk by feeling Brown's genitals. The circuit court held an evidentiary hearing on the motion, at which Brown and his trial lawyer (Mark Richards) testified. *See* Respt's Br. Ex. 9, ECF No. 13-9. Brown's post-conviction lawyer (Dustin Haskell) did not subpoena any of the law enforcement officers involved in the stop. Attorney Haskell believed the State retained the burden to demonstrate that the evidence was lawfully seized, and he suggested the court could hold a suppression hearing if the record was inadequate. Ex. 9, at 33–37. The circuit court denied the post-conviction motion, finding that Attorney Richards made a strategic decision to forego filing a suppression motion. Ex. 9, at 37–50.

Brown later obtained new counsel (Robert Meyeroff) and filed a second post-conviction motion alleging ineffective assistance of trial counsel. *See* Respt's Br. Ex. 11, ECF No. 13-11. He asserted that Attorney Richards was ineffective for not filing a suppression motion challenging the stop and the frisk. He also asserted that the State intentionally withheld a police report regarding the stop, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The circuit court scheduled a hearing on the motion; however, at the hearing, the court determined that the officers involved in the stop and the frisk wouldn't be allowed to testify because the court had already decided the trial counsel issue. *See* Ex. 6, at 10–11, 14–15. The court therefore denied the second post-conviction motion without an evidentiary hearing. *See* Petr's Resp. Ex. 3, ECF No. 16-3 at 18–30; *see also* Respt's Br. Ex. 2, at 2, ECF No. 13-2.[1]

Brown filed a direct appeal, arguing that the circuit court should have held an evidentiary hearing on the second post-conviction motion. *See* Ex. 6. The Wisconsin Court

---

[1] Brown did not argue his *Brady* claim at the hearing, and the circuit court did not address that claim when it denied the motion. Ex. 2, at 2 n.3.

of Appeals affirmed Brown's conviction and the order denying his second post-conviction motion. *See* Ex. 2.[2] Relying on *State v. Allen*, 2004 WI 106, 682 N.W.2d 433, the court held that "the circuit court properly exercised its discretion when it denied the [trial counsel] claim without an evidentiary hearing," as "the record conclusively demonstrated that Brown was not entitled to relief on the ineffective assistance of trial counsel claim made in his second postconviction motion." Ex. 2, at 3–4. In reaching that finding, the court determined that "the second postconviction motion . . . was merely an attempt to relitigate an issue already decided." Ex. 2, at 3. The Wisconsin Supreme Court subsequently denied Brown's petition for review. *See* Respt's Br. Ex. 4, ECF No. 13-4.[3]

Proceeding without the assistance of counsel, in January 2022, Brown filed a collateral attack under section 974.06 of the Wisconsin statutes. *See* Respt's Br. Ex. 8, ECF No. 13-8. He asserted several constitutional claims, including ineffective assistance of Attorney Haskell for not subpoenaing the officers involved in the stop and the frisk for the post-conviction evidentiary hearing and for not investigating issues related to the traffic stop. He also asserted that Attorney Meyeroff was ineffective for not raising the other constitutional issues during his direct appeal. The circuit court denied the motion without a hearing. *See* Respt's Br. Ex. 3, at 3, ECF No. 13-3.

The Wisconsin Court of Appeals summarily affirmed the circuit court's order. *See* Ex. 3.[4] The court determined that Brown's ineffective assistance of trial counsel claim was previously litigated and rejected on its merits and, thus, could not be raised a second time. Ex. 3, at 4. The court held that Brown's remaining post-conviction claims were procedurally

---

[2] *State v. Brown*, No. 2019AP102-CR, 2021 WL 8534040, 2021 Wisc. App. LEXIS 1224 (Wis. Ct. App. Mar. 3, 2021).
[3] *State v. Brown*, No. 2019AP102-CR, 2021 WL 9781622, 2021 Wisc. LEXIS 575 (Wis. Oct. 18, 2021).
[4] *State v. Brown*, No. 2022AP383, 2023 WL 3991765, 2023 Wisc. App. LEXIS 647 (Wis. Ct. App. June 14, 2023).

4

barred under *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), because they could have been raised on direct review. Ex. 3, at 3–4. Relying on *State v. Romero-Georgana*, 2014 WI 83, 849 N.W.2d 668, the court determined that the alleged ineffective assistance of Attorney Meyeroff was not a sufficient reason to overcome the *Escalona-Naranjo* procedural bar, as Brown failed to sufficiently explain why the issues he wanted to pursue were clearly stronger than the issues Meyeroff presented on direct review. Ex. 3, at 3–5.

The Wisconsin Supreme Court denied Brown's petition for review of that appeal on October 30, 2023. *See* Respt's Br. Ex. 5, ECF No. 13-5.[5]

In February 2024, Brown filed a federal habeas petition alleging sixteen potential grounds for relief. *See* Pet., ECF No. 1. The matter was randomly assigned to me, and all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 9. Michael Meisner, the warden who has custody of Brown, has moved to dismiss the petition. *See* Respt's Mot., ECF No. 12; Respt's Br., ECF No. 13. Brown has submitted a brief opposing the motion, *see* ECF No. 16, and a request for an evidentiary hearing, *see* ECF No. 17, and Meisner has filed a reply brief, *see* ECF No. 21.

## DISCUSSION

Brown raises sixteen potential grounds for relief in his petition. *See* Pet. 6–17. The sixteen grounds for relief include five ineffective assistance of trial counsel claims related to the alleged lack of investigation, failing to challenge the traffic stop and the pat-down search, and not sufficiently explaining his plea options (Grounds 2, 9, 12, 15, and 16). Brown also claims that his post-conviction lawyers were ineffective for not pursuing certain issues during Brown's direct appeal (Ground 1). Finally, Brown challenges the lawfulness of the stop and

---

[5] *State v. Brown*, No. 2022AP000383, 2023 WL 9418604, 2023 Wisc. LEXIS 644 (Wis. Oct. 30, 2023).

5

the search, including alleging misconduct by the officers involved (Grounds 3, 5, 8, 11, and 14); claims that the trial court judge and the prosecutor violated his due process rights (Ground 4); alleges judicial bias and errors at sentencing (Grounds 7 and 10); and asserts that the circuit court erred in denying his post-conviction motion (Ground 6) and that the court of appeals erred in affirming the denial of his collateral attack (Ground 13).

Meisner has moved to dismiss the petition, arguing that all sixteen grounds for relief are procedurally defaulted. "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Whyte v. Winkleski*, 34 F.4th 617, 623 (7th Cir. 2022) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)). A state-law procedural ground "is adequate if it is 'firmly established and regularly followed as of the time when the procedural default occurred.'" *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021) (quoting *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014)). "It is independent of federal law if it does not depend on the merits of the petitioner's claim." *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam)). "To bar federal review, the state law ground must also have been invoked and actually relied upon by the last state court to consider the petitioner's claim." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 261–62 (1989)). A federal habeas petitioner can obtain merits review of a defaulted claim if he "can show both cause for and prejudice from the default or can demonstrate that the . . . failure to consider the claim would result in a fundamental miscarriage of justice." *Richardson*, 745 F.3d at 272 (citing *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013)).

I.  **This Court is Precluded from Reaching the Merits of Brown's Ineffective Assistance of Trial Counsel Claims**

6

Meisner argues that Brown's ineffective assistance of trial counsel claims are barred under the state procedural rule established in *Allen*. In Wisconsin, ineffective assistance of trial counsel claims must first be brought in a post-conviction motion as part of the direct appeal. *See Lee-Kendrick v. Eckstein*, 38 F.4th 581, 586–87 (7th Cir. 2022) (citing *Page v. Frank*, 343 F.3d 901, 905–06 (7th Cir. 2003)). The circuit court cannot grant relief on an ineffective assistance of trial counsel claim without holding an evidentiary hearing (known in Wisconsin as a *Machner* hearing, after *State v. Machner*, 285 N.W.2d 905 (Wis. Ct. App. 1979)) and hearing the trial lawyer's side of the story. *See Pidgeon v. Smith*, 785 F.3d 1165, 1169–70 (7th Cir. 2015) (citing *Allen*, 682 N.W.2d at 437 n.3). To secure a *Machner* hearing, the movant must provide "sufficient material facts—e.g., who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *Allen*, 682 N.W.2d at 436. "If the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *State v. Ruffin*, 2022 WI 34, ¶ 28, 974 N.W.2d 432, 438 (citing *Allen*, 682 N.W.2d at 437).

The Seventh Circuit has consistently held that Wisconsin's *Allen* rule "is an adequate and independent state procedural rule." *Whyte*, 34 F.4th at 625 (citing *Triplett*, 996 F.3d at 830; *Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014)).

Here, the Wisconsin Court of Appeals indisputably rejected Brown's ineffective assistance of trial counsel claim under *Allen*. The court quoted *Allen* directly and held that the circuit court properly exercised its discretion when it denied Brown's second post-conviction motion without a *Machner* hearing because the record conclusively demonstrated that Brown was not entitled to relief on his trial counsel claim. *See* Ex. 2, at 3–4. The court explained that

7

Brown raised the same trial counsel claim in his first post-conviction motion, which the circuit court rejected on the merits. According to the court of appeals, Brown was not entitled to relitigate an issue already decided. The court did not address the merits of Brown's claims.

Brown insists that the *Allen* procedural rule should not bar his ineffective assistance of trial counsel claims, but his arguments are not convincing. First, Brown contends that *Allen* shouldn't apply because the second post-conviction motion merely supplemented the first post-conviction motion, and he received a *Machner* hearing on the first one. The record, however, conclusively establishes that on appeal Brown challenged only the denial of the second post-conviction motion. *See* Ex. 6 (arguing that Brown was entitled to a full evidentiary hearing on his supplemental post-conviction motion); Ex. 2, at 2 ("On appeal, Brown argues that he should have had an evidentiary hearing on his second postconviction motion."). Second, Brown maintains that the Wisconsin Court of Appeals incorrectly applied the *Allen* rule. But "[i]n assessing the adequacy of a state procedural ruling, federal courts do not review the merits of the state court's application of its own procedural rules." *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (citing *Lee*, 750 F.3d at 694). Rather, the issue is "whether the rule invoked was 'firmly established and regularly followed.'" *Id.* (quoting *Beard v. Kindler*, 558 U.S. 53, 60 (2009)). It was. Finally, Brown appears to assert that his post-conviction lawyers are to blame for any pleading deficiencies. It's true that ineffective assistance of post-conviction counsel can sometimes excuse a procedural default. *See Whyte*, 34 F.4th at 624–25. However, as will be explained later, Brown's post-conviction counsel claim cannot excuse the default here because that claim is itself defaulted. *See id.*

Accordingly, Brown's ineffective assistance of trial counsel claims are procedurally defaulted, and he hasn't offered a sufficient excuse for that default. I am therefore precluded

8

from reaching the merits of those claims on federal habeas review. The *Allen* procedural bar applies to Grounds 2, 9, 12, 15, and 16 of Brown's petition.

## II. This Court is Also Precluded from Reaching the Merits of the Constitutional Claims Brown Raised During His State Collateral Attack

Similarly, Meisner argues that the constitutional claims Brown raised in his state collateral attack are barred under the state procedural rule established in *Escalona-Naranjo*. "In *Escalona-Naranjo*, the Supreme Court of Wisconsin held that a defendant forfeits the right to raise a constitutional issue in a Wis. Stat. § 974.06 postconviction motion 'that could have been raised on direct appeal or in a sec. 974.02 motion.'" *Whyte*, 34 F.4th at 624 (quoting *Escalona-Naranjo*, 517 N.W.2d at 164). "In other words, 'a defendant must raise all available claims for relief . . . at the earliest opportunity,' or else such claims are procedurally defaulted." *Id.* (quoting *Garcia v. Cromwell*, 28 F.4th 764, 772 (7th Cir. 2022)). This procedural default "may be excused if the defendant can show a 'sufficient reason' for not raising the issue earlier." *Id.* (quoting *Escalona-Naranjo*, 517 N.W.2d at 162).

The Seventh Circuit "has held that *Escalona-Naranjo*'s bar constitutes an adequate and independent state procedural ground, which forecloses federal review." *Whyte*, 34 F.4th at 624 (citing *Garcia*, 28 F.4th at 767; *Perry v. McCaughtry*, 308 F.3d 682, 690, 692 (7th Cir. 2002)).

Here, the Wisconsin Court of Appeals indisputably relied on *Escalona-Naranjo* to reject most of the constitutional claims Brown raised in his collateral attack. The court accurately noted that Brown raised only two claims during his direct appeal: ineffective assistance of trial counsel and a *Brady* claim. *See* Ex. 3, at 2; *see also* Ex. 6. However, Brown attempted to raise several other constitutional claims in his *pro se* collateral attack under section 974.06, *see* Ex. 3, at 3—the same claims he presents in his federal habeas petition, *see* Pet. 6–17. Relying on *Escalona-Naranjo*, the court of appeals held that Brown could not pursue his ineffective

assistance of trial counsel claim or his *Brady* claim because both claims were previously litigated and rejected on their merits as part of Brown's direct appeal. Ex. 3, at 3–4. The court explicitly held that Brown's other claims were procedurally barred under *Escalona-Naranjo*, as Brown could have raised them during his direct appeal (but didn't). Ex. 3, at 4–5. The court did not address the merits of Brown's claims.

Brown insists that the *Escalona-Naranjo* procedural bar should not apply for two reasons. First, he accuses Meisner of improperly attempting to construe his supplemental post-conviction motion as a collateral attack under section 974.02 or 974.06. Meisner, however, accurately characterized the supplemental motion as part of the direct review process. *See* Respt's Br. 4–5. So did the Wisconsin Court of Appeals. *See* Ex. 3, at 2. Even if the court of appeals had erred, that would not matter because the issue here is whether the state's procedural rule was firmly established, was regularly followed, and did not depend on the merits of Brown's claims. It was, and it didn't. Second, Brown alleges ineffective assistance of post-conviction counsel as a "sufficient reason" to excuse his default. As will be explained next, that claim is itself defaulted.

Accordingly, the constitutional claims Brown raised in his state collateral attack are procedurally defaulted, and he hasn't offered a sufficient excuse for that default. I am therefore precluded from reaching the merits of those claims on federal habeas review. The *Escalona-Naranjo* procedural bar applies to Grounds 3, 4, 5, 6, 7, 8, 10, 11, and 14 of Brown's petition.

### III. This Court is Also Precluded from Reaching the Merits of Brown's Ineffective Assistance of Post-Conviction Counsel Claim

Finally, Meisner argues that Brown's ineffective assistance of post-conviction counsel claim is barred under the state procedural rule established in *Romero-Georgana*. In *Romero-Georgana*, the Wisconsin Supreme Court held that "ineffectiveness of postconviction counsel

10

may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Whyte*, 34 F.4th at 625 (quoting *Romero-Georgana*, 849 N.W.2d at 678. "But the mere suggestion that postconviction counsel was ineffective does not by itself open the door to merits review of a defaulted claim. Instead, a prisoner must provide specific, nonconclusory factual allegations explaining why his postconviction counsel was ineffective." *Garcia*, 28 F.4th at 773 (citing *State v. Allen*, 2010 WI 89, ¶¶ 84–91, 786 N.W.2d 124, 139–40). "One element of this pleading burden requires factual allegations showing that the defaulted claims were 'clearly stronger' than the issues postconviction counsel chose to present." *Id.* at 767 (quoting *Romero-Georgana*, 849 N.W.2d at 679).

The Seventh Circuit has recognized *Romero-Georgana*'s pleading standard as an adequate and independent state procedural ground. *See Garcia*, 28 F.4th at 774–75.

Here, the Wisconsin Court of Appeals expressly relied upon *Romero-Georgana* to reject Brown's ineffective assistance of post-conviction counsel claim. The court quoted *Romero-Georgana* directly and held that Brown had "failed to articulate why the issues he . . . wishe[d] to raise were clearly stronger than the issues postconviction counsel chose to present." Ex. 3, at 4–5. The court noted that Brown mentioned the "clearly stronger" standard only once in passing in his collateral attack. Ex. 3, at 5. However, according to the court of appeals, Brown "failed to perform the requisite analytical exercise of comparing the strength of the arguments he . . . raises[d in his collateral attack] with the strength of the arguments his postconviction counsel previously pursued." Ex. 3, at 5. The court did not address the merits of Brown's claims.

Brown insists that the *Romero-Georgana* procedural rule should not bar his ineffective assistance of post-conviction counsel claim, but his arguments are not convincing. First,

11

Brown contends that he did sufficiently articulate why the claims raised in his collateral attack were clearly stronger than the claims raised during his direct appeal. However, as explained above, the correctness of the state court's procedural ruling is not at issue here. The rule was firmly established and regularly followed at the time and did not depend on the merits of Brown's claims. Second, Brown says that he should not be punished for the constitutional errors of his lawyers. But Brown filed his collateral attack *pro se*; thus, "errors by counsel in the first round of postconviction proceedings cannot serve as cause to excuse [Brown's] *own* default in the second." *Garcia*, 28 F.4th at 775. Finally, Brown asserts that it would be a miscarriage of justice to overlook his underlying constitutional claims. To proceed through the narrow miscarriage-of-justice gateway, Brown needs to submit evidence that he is actually innocent of the crime of conviction—possessing with the intent to deliver heroin; a showing of legal innocence will not do. *See Boyer v. United States*, 55 F.3d 296, 300 (7th Cir. 1995). At best, Brown presents evidence only that the drugs were discovered during an unlawful search, not that he didn't possess the drugs at all. Brown therefore has not satisfied the miscarriage-of-justice exception.

Accordingly, Brown's ineffective assistance of post-conviction counsel claim is procedurally defaulted, and he hasn't offered a sufficient excuse for that default. I am therefore precluded from reaching the merits of that claim on federal habeas review. The *Romero-Georgana* procedural bar applies to Ground 1 of Brown's petition. In Ground 13, Brown asserts that the Wisconsin Court of Appeals erred in finding that Brown failed to compare the strength of his collateral attack claims to the claims raised by post-conviction counsel. This ground for relief is merely an attempt to overcome the *Romero-Georgana* procedural bar. It therefore is subsumed with the above analysis.

\* \* \*

Because Brown's ineffective assistance of counsel claims are defaulted themselves, all of Brown's claims are fully defaulted.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, no reasonable jurist would find it debatable whether Brown procedurally defaulted the claims raised in his federal habeas petition. I will therefore deny a certificate of appealability.

## CONCLUSION

In sum, federal merits review is foreclosed of all sixteen grounds for relief asserted in Brown's petition for habeas relief. The state appellate court's decisions rest on the independent and adequate state-law grounds established in *Allen*, *Escalona-Naranjo*, and *Romero-Georgana*, and Brown has not established an excuse for those defaults. Accordingly, for all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss petition for writ of habeas corpus, ECF No. 12; **DENIES** the petitioner's request for an evidentiary hearing, ECF No. 17; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF No. 1; and **DISMISSES** this action. The court also **DENIES** the petitioner

a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 13th day of November, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge